IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ROBERT STOREY,

    Plaintiff,

v.     Civil Action No. 1:17-cv-01298

VERISYS CORPORATION,

    Defendant.

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant Verisys Corporation's Partial Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

This case arises from Plaintiff Robert Storey's former employment with Defendant Verisys Corporation, first as Director of Client Services and later as Vice President of Sales and Marketing. Plaintiff's claims concern an alleged agreement made between him and Defendant at the time he was promoted to Vice President of Sales and Marketing by which Defendant promised to pay Plaintiff at least six percent commissions in addition to his regular salary for all business deals acquired by Plaintiff. Plaintiff further alleges that he prepared a proposal for a comprehensive commission plan and sales structure at Defendant's

request, and worked diligently to bring in business opportunities for Defendant in reliance on this agreement. On July 28, 2017, Defendant terminated Plaintiff's employment, and provided him with a check for $10,740, representing his earned commissions. Plaintiff claims that this check did not amount to what was owed him under the alleged agreement.

Accordingly, Plaintiff filed this action on November 15, 2017, asserting five causes of action: breach of contract, breach of the implied covenant of good faith and fair dealing, breach of an implied contract, fraud, and constructive fraud. On December 22, 2017, Defendant filed a Partial Motion to Dismiss Counts II-V of the complaint (all claims except the breach of contract claim). For the reasons explained herein, this Court finds that the motion should be granted.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences,

unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Count II of Plaintiff's Complaint alleges a claim for breach of the implied covenant of good faith and fair dealing. However, Virginia law does not recognize such an independent cause of action. Instead, a breach of the implied covenant of good faith and fair dealing "only gives rise to a breach of contract claim, not a separate cause of action." Frank Brunckhorst Co., L.L.C. v. Coastal Atl., Inc., 542 F. Supp. 2d 452, 462 (E.D. Va. 2008). Therefore, Count II must be dismissed.

In Count III, Plaintiff alleges that Defendant breached an implied contract by failing to pay him commissions earnings despite having agreed to do so. Specifically, the Complaint alleges that Plaintiff rendered valuable services to Defendant in the form of sales expertise and management skills, that these services were rendered at Defendant's request, that Defendant benefitted from these services, and that Plaintiff rendered such services in reliance on Defendant's representations that Plaintiff would be compensated with commissions earnings of at least six percent on all deals acquired.

3

An implied contract "differs from an actual contract in that the parties have not reduced it to a writing or to an oral agreement; rather, the court infers the implied-in-fact agreement from the course of conduct of the parties." Nossen v. Hoy, 750 F. Supp. 740, 744 (E.D. Va. 1990). The problem with Plaintiff's implied contract claim is that he alleges an actual agreement between himself and Defendant. Although he claims it was never agreed to in writing, Plaintiff nevertheless alleges that the Defendant orally agreed to pay Plaintiff at least six percent commissions on all deals acquired, and that Defendant has breached this oral agreement. Since Plaintiff's allegations are inconsistent with an implied contract, this claim must also be dismissed. See Bright v. QSP, Inc., 20 F.3d 1300, 1306 (4th Cir. 1994) ("It is a well-rooted principle of contract law that 'an express contract and an implied contract, relating to the same subject matter, cannot co-exist.'") (quoting Case v. Shepherd, 84 S.E.2d 140, 144 (W. Va. 1954)).

Plaintiff's Count IV asserts a cause of action of fraud. As an initial matter, Federal Rule of Civil Procedure 9(b) provides a higher pleading standard for fraud claims, requiring the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This standard requires the plaintiff to "state the time, place and content of the false misrepresentations, the fact misrepresented

4

and what was obtained or given up as a consequence of fraud." Scowcroft Group, Inc. v. Toreador Resources Corp., 666 F. Supp. 2d 39, 43 (D.D.C. 2009).

Furthermore, courts are generally resistant to "attempts to transfer breach of contract cases into fraud and therefore fraud cannot ordinarily be predicated on unfulfilled promises or statements of future events." Flip Mortg. Corp. v. McElhone, 841 F.2d 531, 537 (4th Cir. 1988). A plaintiff can, however, recover for a misrepresentation of an intent to perform. In order to recover for such misrepresentation, the plaintiff must prove that the promisor made the promise while knowing it was false, with intent to induce the promisee's performance, and that the promisee detrimentally relied on the promise. See T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC, 385 F.3d 836, 844 (4th Cir. 2004).

Plaintiff has not alleged with sufficient particularity facts to support a claim that Defendant misrepresented an intent to perform. Plaintiff asserts a conclusory allegation that Defendant intentionally and knowingly misrepresented its intention to compensate Plaintiff with at least six percent commissions on closed deals. However, Plaintiff does not plead any facts to support the allegation that, at the time the promise was made, Defendant did not intend to fulfill it. Thus,

5

because Plaintiff has not pleaded with particularity the facts supporting his fraud claim, this claim must also be dismissed.

Finally, Count V asserts a claim of constructive fraud. Constructive fraud requires a plaintiff to show that "the defendant negligently or innocently made a false representation of material fact, and that the plaintiff suffered damage as a result of his reliance upon that misrepresentation." Supervalu, Inc. v. Johnson, 276 Va. 356, 367, 666 S.E.2d 335, 341-42 (2008). A constructive fraud claim is not available under the circumstances here presented, however, in which the alleged misrepresentation is a promise of future action. "The rationale underlying this rule is plain. If unfulfilled promises, innocently or negligently made, were sufficient to support a constructive fraud claim, every breach of contract would potentially give rise to a claim of constructive fraud." Id. at 368, 666 S.E.2d at 342. Thus, Count V must also be dismissed.

For the foregoing reasons, this Court finds that Defendant's Partial Motion to Dismiss should be granted, and that Counts II, III, IV, and V of Plaintiff's Complaint should be dismissed. An appropriate order shall issue.

Alexandria, Virginia
February 6, 2018

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE